UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DAVID V. HOUGHTON,** | Civil Action No. 2:10-00797 |
| Plaintiff, | OPINION |
| v. | HON. WILLIAM J. MARTINI |
| **LT. ROBERT RYAN AND SGT. CHRISTOPHER BULGER, in their individual and official capacities, of the River Vale Police Department,** | |
| Defendants. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on Defendants Lt. Robert Ryan and Sgt. Christopher Bulger's motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  There was no oral argument.  Fed. R. Civ. P. 78.  For the reasons stated below, Defendants' motion is **GRANTED** and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

This case arises out of actions leading up to Plaintiff David Houghton's ten-day stay for psychiatric treatment at the Hackensack University Medical Center ("Medical Center").  On March 21, 2008, Defendants arrived at Plaintiff's house, where he lives

with his parents, in response to a noise disturbance call from a neighbor. (Compl. at 2.) They were let in by Plaintiff's father, and Lt. Ryan went upstairs to where Plaintiff was standing next to the doorway of his bedroom. (*Id.*; Pl.'s Mov. Br. at 3.) Through the doorway, Lt. Ryan saw numerous bottles of medication in Plaintiff's room. (Compl. at 2.) Defendants then spoke with Plaintiff's parents about the noise disturbance call, after which they called 262-HELP to seek a mental health assessment of Plaintiff. (*Id.*) After speaking with Defendants and the counselor from 262-HELP, Plaintiff's parents and Plaintiff decided that a voluntary mental health evaluation was the best option. (*Id.*) Defendants then escorted Plaintiff to The Medical Center, where, after a mental health screening, Plaintiff stayed for ten days for treatment. (*Id.*)

As a result of the events stated above, Plaintiff Houghton brings three civil rights claims against Defendants Lt. Ryan and Sgt. Bulger under Sections 1983 and 1985. Defendants then filed a motion to dismiss and Plaintiff filed a cross motion to strike a portion of Defendant's supporting brief, and these motions are presently before the Court.

## II.   DISCUSSION

### A.   Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v.*

*United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true,[1] the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).  The factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, *see Twombly*, 550 U.S. at 570, such that the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).  Furthermore, the Plaintiff must "provide the 'grounds' of his 'entitlement to relief,'" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  While "[t]he plausibility standard is not akin to a 'probability requirement' ... it asks for more than a sheer possibility..." *Iqbal*, 129 S.Ct. at 1949 (2009).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record.  *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007).  The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit Guar. Corp. v. White Consol. Indus.*,

---

[1] This assumption of truth is inapplicable, however, to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

998 F.2d 1192, 1196 (3d Cir.1993).  Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered."  *Pryor v. Nat'l Coll. Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002).

    **B.**    **Section 1985 – Conspiracy to Interfere with Civil Rights Claim**

Section 1985 permits an action to be brought by one injured by a conspiracy formed "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws."  42 U.S.C. § 1985(3).  The Supreme Court has made clear that in order to state a claim under § 1985(3), a plaintiff must allege: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States."  *United Bhd. of Carpenters & Joiners v. Scott*, 463 U.S. 825, 828-29 (1983) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971)).

As Defendants' motion points out, Plaintiff does not allege any actual conspiracy. Instead, he only alleges that Lt. Ryan, on his own, "conspired to interfere" with his rights. (Compl. at 3.)  In his Opposition Brief, Plaintiff does not address this deficiency.  Even if Plaintiff did allege that Lt. Ryan conspired with someone, he still fails to state a claim

4

under Section 1985.  A Section 1985(3) claimant must also allege "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action" in order to state a § 1985(3) claim, *Griffin*, 403 U.S. at 102, and Plaintiff has failed to allege any such discriminatory animus on the part of Lt. Ryan.  Plaintiff's Section 1985 claim is therefore dismissed.

    **C.**    **Section 1983 – Fourth Amendment Claim**

Plaintiff asserts that Lt. Ryan and Sgt. Bulger violated his Fourth Amendment right against unreasonable searches and seizures when they entered his home and later escorted him to The Medical Center.  The Fourth Amendment protects citizens against unreasonable searches infringing on their reasonable expectations of privacy.  *United States v. Jacobsen*, 466 U.S. 109, 113 (1984).  However, a search is considered valid under the Fourth Amendment when a party who possesses common authority over the premises has consented to the entry.  *Illinois v. Rodriguez,* 497 U.S. 177, 181 (1990).  Here, it is undisputed that Defendants were let into the home by Plaintiff's parents, who had common authority over the premises, and that Plaintiff made no objection to the entry or to Lt. Ryan looking into his bedroom.  (Compl. at 2.)  Since Plaintiff and his family consented to the entry of Lt. Ryan and Sgt. Bulger onto the premises, Plaintiff's Fourth Amendment rights were not violated.

Plaintiff additionally argues that he was unreasonably seized when Defendants "took Plaintiff from his home against his will to be committed."  (Compl. at 3.)  For

5

Fourth Amendment purposes, a seizure occurs when a police officer or other government official "restrain[s] the liberty of a citizen," *Terry v. Ohio*, 392 U.S. 1, 19 n. 16 (1968), such that a reasonable person would not feel free to leave. *See Florida v. Bostick,* 501 U.S. 429, 434 (1991).  Other interactions with the police that are consensual, such as being stopped briefly by police to answer questions, are not considered seizures. *Id.* Here, Plaintiff was not forced to go to the Medical Center; instead, he and his parents agreed that it was the best course of action. (Compl. at 2; Pl.'s Mov. Br. at 3-4.) Plaintiff states that he went voluntarily, and his only allegation is that he felt that not going to the Medical Center would lead to a worse outcome. (Pl.'s Mov. Br. at 3-4.) Regardless of Plaintiff's concerns about the alternatives, the fact remains that he voluntarily went to the Medical Center and was never detained by Defendants. Additionally, even if he was involuntarily "committed" once he received his mental health screening, this would have been by the Medical Center employees, not Defendants. Therefore, Plaintiff has not alleged an unreasonable seizure under the Fourth Amendment, and this claim is dismissed.

   D.   Section 1983 – Fourteenth Amendment Claim

Plaintiff also alleges that Defendants violated his Fourteenth Amendment rights. While Plaintiff does not state what type of Fourteenth Amendment violation he is alleging, it appears to be a substantive due process claim.[2] To establish a substantive due

---

[2] Defendants interpreted Plaintiff's Fourteenth Amendment claim as an allegation of a substantive due process violation, (Def.'s Mov. Br. at 22), and Plaintiff appears to have accepted

process claim under Section 1983, a plaintiff "must prove that it was deprived of a protected property interest by arbitrary or capricious government action." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 590 (3d Cir. 1998). Whether an official's actions or inactions are deemed arbitrary or capricious has been assessed by the Third Circuit using a "shocks the conscience" test. *UA Theatre Circuit v. Twp. of Warrington*, 316 F.3d 392, 399-400 (3d Cir. 2003). While the definition of "conscience-shocking" action depends upon the circumstances of a particular case, *Miller v. City of Phila.*, 174 F.3d 368, 375 (1999), it is a classification still reserved only for the "most egregious governmental abuses." *Rivkin v. Dover Twp. Rent Leveling Bd.*, 671 A.2d 567, 574-75 (N.J. 1996). Here, Defendants simply responded to a noise complaint by a neighbor, were let into the house by Plaintiff's parents, discussed the situation with Plaintiff and his parents, called 262-HELP for further guidance, and finally escorted Plaintiff to the Medical Center for a voluntary mental health evaluation. None of Defendants' actions "shock the conscience" by any means. Since Plaintiff fails to state a viable substantive due process claim, this count is dismissed.

### E.  Defendants' Immunity Defenses

Since Plaintiff's claims fail for the reasons stated above, it is not necessary to address Defendants' claims of immunity under both N.J.S.A. 30:4-27.7 and the doctrine of qualified immunity. However, this Court notes that while Defendants may have been

---

this characterization. (Pl.'s Mov. Br. at 4.)

entitled to qualified immunity against any findings of civil damages, they may not have been entitled to immunity under N.J.S.A. 30:4-27.7, as a state statute that creates immunity from suit under state law does not define the scope of immunity from suit under federal law. *Bolden v. SEPTA*, 953 F.2d 807, 818 (3d Cir.1991) (en banc).

### F.      Plaintiff's Motion to Strike

Finally, Plaintiff included a cross-motion to strike a portion of Defendants' supporting brief that discussed Plaintiff's pending lawsuits against additional police officers. Under Fed. R. Civ. P. 12(f), the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Plaintiff's concerns about the mention of his other lawsuits in Defendants' brief are not enough to support a motion to strike the information. Regardless, the portion of Defendants' brief in question addresses the applicability of New Jersey's entire controversy doctrine, an argument that this Court did not need to address in dismissing Plaintiff's claims. Since this Court is granting Defendant's motion to dismiss, and since the portions of Defendants' brief that Plaintiff is concerned with did not affect the dismissal, Plaintiff's cross-motion to strike is now moot and denied.

### III.   CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is **GRANTED**, and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.  As such, Plaintiff's cross-motion to strike is denied as moot.  An Order accompanies this Opinion.

                                                          /s/ William J. Martini
                                                          **William J. Martini, U.S.D.J.**

**Date: October 5th, 2010**